UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Bowen,  Civil No. 10-088 (PJS/SRN)

          Plaintiff,

v.  **REPORT AND RECOMMENDATION**

St. Paul Police Department; and
The City of St. Paul,

          Defendants.

---

No Appearance for Plaintiff, *Pro se*.

Louise Toscano Seeba, Assistant City Attorney, and Sara Grewing, St. Paul City Attorney, 750 City Hall and Courthouse, 15 West Kellogg Boulevard, St. Paul, MN, 55102, for Defendants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter is before the Court on the motion of Defendants St. Paul Police Department and The City of St. Paul to dismiss for failure to prosecute (Doc. No. 8). The matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a). For the reasons stated below, this Court recommends that the motion be granted, but that the dismissal be without prejudice.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff John Bowen filed this action in state court in December 2009. As he alleged federal claims under 42 U.S.C § 1983 for deprivations of his civil rights, Defendants promptly removed the action to federal court. (Doc. No. 1.) Defendants now move to dismiss Plaintiff's Complaint for failure to prosecute. (Doc. No. 8.)

## II. DISCUSSION

### A. Dismissal Standard

Rule 41(b) authorizes the dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with [the federal rules] or a court order." Fed. R. Civ. P. 41(b). While the dismissal may be with prejudice, "dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay," as opposed to accidental or involuntary behavior. Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000).

### B. Plaintiff Has Failed To Prosecute This Action

Since filing his Complaint in state court in December 2009, Plaintiff simply has failed to participate in any of the proceedings. On January 12, 2010, this Court scheduled the pretrial conference for February 25, 2010. (Doc. No. 4.) Although Defendants' counsel contacted Plaintiff by telephone on February 2, 2010, to discuss settlement and the preparation of the Rule 26(f) report required by this Court, Plaintiff refused to meet and stated "he was going to keep the case in Ramsey County Court and would not appear for federal court proceedings." (Doc. No. 10, at 2 (citing Doc. No. 11, ¶ 5).) Defendants filed a Rule 26(f) report without any contribution or participation of Plaintiff. (Id.) Nor did Plaintiff appear at the February 25, 2010 pretrial conference. (See Doc. No. 6.)

This Court issued a Pretrial Scheduling Order on February 26, 2010. (Doc. No. 7.) Although initial disclosures were due April 1, 2010, Defendants have not received any such materials from Plaintiff. (Doc. No. 10, at 2.) Nor has Plaintiff responded to

Defendants' discovery requests, even though Defendants informed Plaintiff by letter dated July 15, 2010 of his obligation to do so. (Id. at 3.) Finally, Plaintiff did not appear at the deposition Defendants had duly noticed for August 5, 2010. (Id.) Defendants' counsel attempted to contact Plaintiff at his last known telephone number on October 15, 2010, but received only a message that the number was not accepting calls. (Id.)

At the hearing on this matter, the Court inquired of Defendants' counsel as to her efforts to inform Plaintiff of the hearing. Counsel indicated that she had served him properly at his address of record with both the original notice of motion and the amended notice of motion, and that to her knowledge Plaintiff had received the motion materials as they were not returned. In addition, she attempted to telephone him several times. Finally, she indicated that she has been unable to reach Plaintiff since February 2, 2010.

On this unambiguous record, Plaintiff has failed to pursue this action. Thus, Defendants are entitled to dismissal. Defendants request dismissal with prejudice or, in the alternative, without prejudice. The Court concludes dismissal without prejudice is warranted. Although it is possible to characterize Plaintiff's failure as willful, it appears, based on his stated preference to litigate in state court, that he simply abandoned the proceedings once they were removed to federal court. Cf. O'Georgia v. United States Attorney General, No. 10-CV-78 (DSD/SRN), 2010 WL 1904881, *1 (D. Minn. Mar. 23, 2010) (recommending dismissal without prejudice where plaintiff "abandoned" action).

Moreover, Plaintiff is proceeding *pro se*. While he is bound by the same rules as those represented by counsel, courts exercise caution in dismissing *pro se* actions. Njaka

v. Hellerud, No. 07-CV-1435, 2010 WL 1957497, *5 (D. Minn. April 15, 2010); see Siems v. City of Minneapolis, 560 F.3d 824, 825-27 (8th Cir. 2009) (affirming dismissal with prejudice where plaintiff was represented by counsel); Hunt v. City of Minneapolis, 203 F.3d 524, 528 (8th Cir. 2000) (same); Garrison v. Int'l Paper Co., 714 F.2d 757, 758-60 (8th Cir. 1983) (dismissing first complaint without prejudice where plaintiff was *pro se* but dismissing second complaint with prejudice where plaintiff finally retained counsel).

Finally, the failures in Siems, Hunt and Garrison were often of a more serious nature than those at issue here. Siems, 560 F.3d at 826 (noting "egregious conduct of Siems's counsel"); Hunt, 203 F.3d at 527 (noting client's actions contrary to his testimony); Garrison, 714 F.2d at 760 (noting that district court granted three postponements over 18 months for plaintiff to retain new counsel after first complaint was dismissed and that plaintiff still filed second complaint without counsel and failed to serve defendant). And some of the misconduct was active as opposed to Plaintiff's "passive" failures here. Hunt, 203 F.3d at 527, 528 (noting that client walked out of deposition and that attorney identified as a witness for trial a person not previously designated as an expert). Finally, in Siems, the attorneys had been forewarned of dismissal with prejudice should their non-compliant behavior continue. 560 F.3d at 826.

## III.   CONCLUSION

Based on Plaintiff's failure to prosecute the action he filed, Defendants are entitled to dismissal under Rule 41(b), but the dismissal shall be without prejudice and shall not operate as an adjudication on the merits.

4

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' motion to dismiss [Doc. No. 8] be **GRANTED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: December 9, 2010                                    s/ Susan Richard Nelson
                                                           SUSAN RICHARD NELSON
                                                           United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **December 24, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.